**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Olena Pofahl,

Plaintiff,

v.

John Ashcroft, U.S. Attorney General; Curtis J. Aljets, sued as Curtis Aljets, District Director; and Immigration and Naturalization Service, sued as United States Immigration and Naturalization Service, Bloomington, Minnesota,

Defendants.

Civil No. 01-1950 (DWF/SRN)

**MEMORANDUM OPINION AND ORDER**

---

Phillip F. Fishman, Esq., Fishman Law Office, 15 Fifth Street South, Suite 1210, Minneapolis, MN 55402, counsel for Plaintiff.

Friedrich A. P. Siekert, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, counsel for Defendants.

---

This matter is before the Court on Plaintiff's petition for attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("the EAJA"). The Complaint, filed October 24, 2001, asserted three claims: (1) a prayer for mandamus relief; (2) a "private right of action"; and (3) a request for attorneys' fees and costs pursuant to the EAJA. On December 18, 2001, the parties entered a stipulation of dismissal. On January 7, 2002, pursuant to that stipulation, the Court filed an order of dismissal, dismissing Count 2 with prejudice and Counts 1 and 3 without prejudice.

Plaintiff asserts that she is entitled to fees and costs because she was the prevailing party in this action. Defendants assert that Plaintiff is not entitled to such fees and costs because the

MAR 13 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Court lacks subject matter jurisdiction and because, in any event, the Plaintiff is not a "prevailing party" as that term has been defined by existing case law.

"Subject matter jurisdiction to decide the merits of the underlying action is a 'condition precedent' to an award of fees or costs under the EAJA." *Clark v. Busey*, 959 F.2d 808, 810 (9th Cir. 1992). However, if a Court's lack of subject matter jurisdiction is based on mootness and the suit only became moot because the plaintiff achieved her objective, that lack of subject matter jurisdiction is not a bar to recovery of fees and costs under the EAJA. *See, e.g., Montes v. Thornburgh*, 919 F.2d 531, 538 (9th Cir. 1990). Thus, in the case before the Court, the relevant inquiry is whether, but for the mootness issue, the Court had subject matter jurisdiction over the underlying action.

Plaintiff asserts jurisdiction pursuant to 8 U.S.C. § 1329, which generally vests the district courts of the United States with jurisdiction over immigration suits. However, 8 U.S.C. § 1329 specifically states that "[n]othing in this section shall be construed as providing jurisdiction for suits against the United States or its agencies or officers." Courts have held that 8 U.S.C. § 1329 cannot serve as an independent basis for jurisdiction in an immigration claim brought against the United States or its agencies or officers. *See Sabhari v. Reno*, 197 F.3d 938, 942 (8th Cir. 1999). However, the inquiry does not end there.[1] While 8 U.S.C. § 1329 cannot

---

[1] The Court questions whether the inquiry *would* end with consideration of 8 U.S.C. 1252(g) which states: "Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." However, as neither party has raised this potential bar to jurisdiction and as consideration of it would not affect the outcome of the case, the Court will not venture to determine whether the Plaintiff's claims arise from the decision by the Attorney General to adjudicate a case.

serve as a basis for jurisdiction, the statute does not "expressly preclude litigants from successfully invoking other, alternative bases for subject matter jurisdiction." *Id.*

Plaintiff further asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, the general grant of civil federal question jurisdiction to the district courts. However, 28 U.S.C. § 1331 "does not, in and of itself, create substantive rights in suits brought against the United States. Thus, if § 1331 is to be used to secure relief against the United States, it must be tied to some additional authority which waives the government's sovereign immunity." *Sabhari*, 197 F.3d at 943 (citation and footnote omitted). Similarly, neither the Declaratory Judgment Act, 28 U.S.C. § 2201, nor the mandamus statute, 28 U.S.C. § 1361, provide an independent basis for jurisdiction. *See State of Mo. ex rel. Missouri Highway and Transp. Com'n v. Cuffley*, 112 F.3d 1332 (8th Cir. 1997) (declaratory judgment); *Starbuck v. City and County of San Francisco*, 556 F.2d 450, 459 n.18 (9th Cir. 1977) (mandamus). In other words, the mere invocation of these acts as a basis for the relief sought does not confer jurisdiction upon this Court; these acts merely expand the scope of remedies this Court can provide where it already has jurisdiction.

Plaintiff asserts that the Court has jurisdiction over the underlying litigation pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq.* 5 U.S.C. § 704 grants the district courts jurisdiction to review "final agency action[s]." In her Complaint, Plaintiff does not challenge any final agency action; rather, she challenges the delay in the decision-making process. Such a challenge clearly falls outside the jurisdictional rubric of the APA.

The Court notes that, even if the Court were to determine that one of the bases asserted by the Plaintiff were sufficient to confer subject matter jurisdiction, the Court would nevertheless deny Plaintiff's petition. The Court agrees with the Defendants that the Supreme Court's decision in *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human*

*Resources*, 532 U.S. 598, 603-604 (2001), applies here. *Buckhannon* rejected the "catalyst theory," that a party whose litigation prompts voluntary action by the other party–*i.e.*, acts as a catalyst to that other party's behavior–is a "prevailing party" for purposes of fee and cost awards. The Court held that, to be considered a prevailing party, a party must win a judgment on the merits of at least one claim or obtain vindication through a consent decree. Where, as here, the litigation prompted action which rendered the litigation itself moot, the Plaintiff cannot be considered a prevailing party under *Buckhannon*.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Fees and Costs (Doc. No. 5) is **DENIED**.

Dated: March 13, 2002

DONOVAN W. FRANK
Judge of United States District Court